**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| GENERAL LAND OFFICE OF THE STATE OF TEXAS, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>UNITED STATES FISH AND WILDLIFE SERVICE, et al. )<br>)<br>*Defendants*. ) | No. A-17-CA-00538-SS |

**JOINT STIPULATION AND [PROPOSED] ORDER TO RESOLVE PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES AND COSTS**

This Joint Stipulation for Attorneys' Fees is entered into by and between Plaintiff General Land Office of the State of Texas and Defendants the U.S. Fish and Wildlife Service ("the Service"), the U.S. Department of the Interior, David Bernhardt, in his official capacity as the Secretary of the U.S. Department of the Interior, Aurelia Skipwith, in her official capacity as the Director of the Service,[1] and Amy Lueders, in her official capacity as the Southwest Regional Director of the Service, (collectively, "Federal Defendants") to resolve Plaintiff's claim for attorneys' fees and costs in the above-captioned case.

WHEREAS, on June 5, 2017, Plaintiff filed a complaint in this matter alleging the Service violated the Endangered Species Act ("ESA") and Administrative Procedure Act ("APA") in connection with the Service's ESA-listing of the golden-cheeked warbler and 90-day

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), David Bernhardt and Aurelia Skipwith are automatically substituted for their predecessors in office.

finding denying a petition to remove the golden-cheeked warbler from the endangered species list. ECF No. 1.

WHEREAS, Plaintiff amended its complaint twice. ECF Nos. 33, 40.

WHEREAS, the district court dismissed two of Plaintiff's three claims by granting Federal Defendants' motion to dismiss on November 30, 2017. ECF No. 47.

WHEREAS, the parties briefed summary judgment on the third claim, challenging the 90-day finding, and on February 6, 2018, the district court granted summary judgment in favor of Federal Defendants. ECF No. 78.

WHEREAS, Plaintiff appealed the district court's orders on summary judgment and the motion to dismiss to the Fifth Circuit.

WHEREAS, the Fifth Circuit affirmed in part and reversed in part the district court's decisions. *General Land Office v. U.S. Dep't of Interior*, 947 F.3d 309 (5th Cir. 2020). It affirmed the ruling on the two claims dismissed by the district court's November 30, 2017 Order but reversed as to Plaintiff's challenge to the 90-day finding, ruling that the Service had not applied the correct standard for evaluating the petition. The Fifth Circuit vacated the 90-day finding and remanded to the Service for further proceedings.

WHEREAS, on March 20, 2020, Plaintiff filed a motion for attorneys' fees. ECF No. 85.

WHEREAS, Plaintiff and Federal Defendants ("the Parties") filed a joint motion to stay briefing on the motion for attorneys' fees to allow the parties to negotiate a potential settlement, ECF No. 86, which the Court granted, ECF No. 87.

The Parties have resolved Plaintiff's claim for attorneys' fees and costs and hereby agree and stipulate as follows ("the Agreement"):

1. Federal Defendants shall pay and Plaintiff shall accept $250,000 in full satisfaction of any and all of Plaintiff's claims, demands, rights, and causes of action, under any authority for attorneys' fees or costs incurred in connection with this lawsuit through and including the date of the Court order approving this Agreement.

2. Federal Defendants shall make the payment set forth in Paragraph 1 of this Agreement by electronic funds transfer to Plaintiff's counsel, on behalf of Plaintiff. No later than ten (10) days following entry of this Stipulation as an order of the Court, Plaintiff, through its counsel, shall provide counsel for Federal Defendants the following information necessary for Federal Defendants to process the payment set forth in Paragraph 1: the Plaintiff's name, the payee's name, the payee's address, the payee's bank name and bank address, the payee's bank account name and number, the account type, the bank routing transit number, the ABA number, and the payee's tax identification number. Upon the request of counsel for Federal Defendants, counsel for Plaintiff shall provide additional information (including the tax identification numbers of Plaintiff or payee), if needed, to process the payment set forth in Paragraph 1.

3. Federal Defendants shall submit all paperwork necessary to complete the $250,000 payment set forth in Paragraph 1 within fourteen (14) business days of receipt of either a signed order from the Court approving this stipulation or receipt of the information described in Paragraph 2, whichever is later. Plaintiff, through its counsel, shall confirm receipt of the payment within 7 days of receipt of such payment in writing to counsel for Federal Defendants.

4. Plaintiff's receipt of the $250,000 payment set forth in Paragraph 1 in accordance with this Agreement shall operate as a full release of Plaintiffs' claims for attorneys' fees and costs arising out of this lawsuit.

5. The Parties agree that this Agreement was negotiated and entered into in good faith and that it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the Parties. This Agreement shall not be offered as evidence in any other judicial proceeding or construed as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have.

6. By entering into this Agreement, Federal Defendants do not waive any right to contest fees or costs claimed by Plaintiff, including hourly rates, in any future litigation or continuation of the present action, and Plaintiff does not waive any right to claim such fees or costs. The undersigned Parties agree and acknowledge that this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation, except as necessary to enforce the terms of this Agreement.

7. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Federal Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

8. The terms of this Agreement constitute the entire agreement of the Parties, and all previous understandings, agreements, and communications concerning settlement of Plaintiff's claims for attorneys' fees and costs incurred in the lawsuit that occurred prior to the date hereof, whether express or implied, oral or written, are fully and completely extinguished and superseded by this Agreement. This Agreement may be modified only upon mutual written consent of the Parties and the Court's approval of a joint stipulation to modify this Agreement.

9. The undersigned representatives of Plaintiff and Federal Defendants certify that they are fully authorized by the Party or Parties they represent to enter into the terms and conditions of this Agreement and to legally bind the Parties to it.

10. The provisions of this Agreement shall apply to and be binding upon each of the Parties including, but not limited to, their officers, directors, servants, employees, successors, and assigns.

11. Within 10 days after receipt of payment in accordance with this Agreement, Plaintiff shall file a Notice of Satisfaction.

12. This Agreement is effective as of the date it is entered by the Court.

13. Plaintiff agrees to the dismissal of its motion for attorneys' fees and costs (ECF No. 85) upon receipt of the $250,000 payment in accordance with this Agreement.

14. In an electronic mail message dated September 18, 2020, counsel for Plaintiff, Theodore Hadzi-Antich, authorized Devon Flanagan, counsel for Federal Defendants, to sign this Fee Stipulation and enter it in the CM/ECF system.

IT IS SO STIPULATED.


Dated: September 18, 2020                Respectfully submitted,

*/s/ Theodore Hadzi-Antich*
ROBERT HENNEKE
rhenneke@texaspolicy.com
THEODORE HADZI-ANTICH
tha@texaspolicy.com
RYAN D. WALTERS
rwalters@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
Center for the American Future
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700

Facsimile: (512) 472-2728

*Attorneys for Plaintiff*

JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY
Section Chief
Wildlife and Marine Resources Section
MEREDITH L. FLAX
Assistant Section Chief

 */s/ Devon Lea Flanagan*
DEVON LEA FLANAGAN
Trial Attorney
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0201
Fax: (202) 305-0275
Email: devon.flanagan@usdoj.gov

*Attorneys for Federal Defendants*

PURSUANT TO STIPULATION:

    IT IS SO ORDERED.

Dated: _____

**Entered:**

_____

**Sam Sparks**
**United States District Judge**

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

*/s/ Devon Lea Flanagan*
DEVON LEA FLANAGAN
Trial Attorney
D.C. Bar No. 1022195
Wildlife and Marine Resources Section
Ben Franklin Station
P. O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0201 (tel.)
(202) 305-0275 (fax)
devon.flanagan@usdoj.gov

*Attorney for Defendants*